Good morning, my name is Debbie Boris. I'm with the California Office of the Attorney General and I represent the defendants This morning I'd like to address two issues First I'm going to address the question that has been presented by the court's order dated May 11th That question is whether the court has jurisdiction over the defendants appeal and second I'm going to address the facts that show that defendants are entitled to qualified immunity as a matter of law with respect to Jurisdiction this court has jurisdiction over all the defendants appeals because they all raise qualified immunity as a defense This court has jurisdiction over Rendon Akuna and Babers appeal because summary judgment Determinations are appealable when they resolve a dispute concerning any issue relating to qualified immunity Even when the trial court finds that there are material issues of fact in dispute and therefore can't resolve the issue at that stage Yes Versus Jeffers the Court of Appeal has jurisdiction to consider Disputed issues, excuse me has can has jurisdiction to consider qualified immunity even when there's material There's a question as to whether or not the facts are material Here defendants modified the plan by slowing the release of inmates in order to make it safer It is a legal question whether their motive was permissible and review is appropriate Because the availability of qualified immunity naturally turns on whether it was clearly established law that their motive was permissible With respect to banal the court has jurisdiction over banals appeal because the appealable issue is a legal one Whether the facts alleged by Tavares support a claim a violation of clearly established law Under Jeffers versus Gomez the court has jurisdiction to review the district courts ruling When there is an allegation of bad motive, but no evidence of bad motive And the evidence viewed in the light most favorable to the plaintiff Demonstrates that the defendants conduct was not objectively reasonable, but the district court nevertheless denies summary judgment Willing that the defendants motive is in dispute Here the district court found an issue of bad motive concerning banals motive But no evidence of bad motive exists and the evidence viewed in the light most favorable to banal Excuse me in the light most favorable to Tavares demonstrates that the Nels conduct was not objectively unreasonable With respect to Rios first this court has jurisdiction to consider Rios's appeal Because the ground for the motion is qualified immunity and Rios is appealing the district courts denial on the ground But did either the magistrate judge in his report and recommendation to the district judge or the district judge actually? Address the qualified immunity issue as to Rios The district court conducted the de novo review of Rios's motion and disagreed with the mass magistrate judges Analysis concerning Rios it appears that the district your judge Did consider the first sassier prong and found a genuine issue as to whether Rios violated constitutional right? But the district court erred because it did not go beyond the first prong and consider the second sassier prong and that is whether Rios's Whether it would have been clear to a reasonable officer In Rios's position that his conduct was unlawful in the situation that he confronted This court reviews questions of qualified immunity de novo and has the discretion to consider Rios's motion based on qualified immunity Second with respect to Whether the facts alleged by Tavares support a claim a violation of clearly established law The district court concluded that disputed facts exist, but does not identify any facts Regardless this court has jurisdiction to determine whether the denial of qualified immunity Appropriate by assuming that the version of the material facts asserted by Tavares is correct and in addition like with the Jurisdiction to review the district court's ruling when there is a when there is an allegation of bad motive But no evidence of bad motive and when the defendants conduct was not objectively reasonable Counselor, I just want to make sure I understand your argument about our jurisdiction over Rios Neither the magistrate judge or the district judge reached his claim is qualified immunity claim as I understand it Therefore it seems to be it's an interlocutory appeal of a district court's order denying summary judgment This court doesn't have jurisdiction What is your response to that My response is is that the law is clear that the court has jurisdiction When the ground for motion is qualified immunity in this case Rio filed a motion for summary judgment based on qualified immunity The district court denied his motion and although it does not appear that the district court did Consider the second saucier prong He did the court did by necessity consider the first saucier prong in making a determination That there were disputed issues of fact as to whether or not Rios violated a constitutional right Well what the district court essentially did was say There was a violation and If You know There's there's a question there's a question of material fact if you are it didn't reach immunity because if you because it was holding that That there was a material issue of fact and if if if you lose there's no immunity What the district court concluded without any analysis was that right I Mean that's the sort of thing. We really can't review I think I Believe under the law that you can review it because the motion was based on qualified immunity and the district courts Decision is not clear as far as reaching a decision on the merits The district court found that there were disputed issues of fact right inhibited summary judgment so is it council's position that in any case where qualified immunity is Raised by motion before the district court if the district court denies that motion that that is that the appellate court would always have jurisdiction even if the Basis for the denial is a material issue of fact and dispute No, I think there are situations where the court would not have jurisdiction And that is where there's a challenge that the trial court correctly ruled that a factual conflict exists in this case We are challenging whether the defendants violated a clearly established law given the undisputed facts in that circumstance I believe the court does have jurisdiction But since the district court found that there were disputed facts material issues of fact and dispute that precluded the district court from granting the summary judgment How does this court have jurisdiction under Jeffers versus Gomez the court Held that it had jurisdiction to determine whether the denial of qualified immunity was appropriate By assuming the version of the facts that was presented by the plaintiff in Jeffers versus Gomez The facts were very similar to this case There was an allegation that the correctional officers shot at an inmate with maliciously and sadistically the court concluded that there was insufficient evidence of any improper motive and found qualified immunity on the part of the correctional officers Yes, but in this case they the district court essentially said there was there was sufficient evidence if the plaintiff if We resolve this in plaintiff's favor So that's the court found that there were disputed issues a fact concerning motive and under Jeffers meaning that we have to decide whether or not The there was a malicious motive and we and if there was then you're not entitled to a mutiny That is correct. We're not supposed to We're we're not supposed to say, okay, he didn't the facts weren't we weren't supposed to resolve Whether the sufficiency of that underlying evidence We would have jurisdiction if he said even Oh, never mind if he if he denied it saying that if he did not if if he denied the motion for summary judgment saying you're not entitled to immunity even if plaintiff Proves what the what the plaintiff said the plaintiff is broken approved Again Under under under Jeffers versus go may I see the court has the jurisdiction to To look at the facts and you determine whether the facts in the light most favorable to the plaintiff show You May please the court My name is Craig Weaver and along with my colleague. Mr. Ryan hold away. I'm the supervision of professor Marlene Laughlin represent. Mr Gregory Tabar is the plaintiff appellee in this matter Contrary to the state's assertion. This court does not properly have jurisdiction over the defendants with the exception of defendant vanell Regardless even if this court were to find it did have proper jurisdiction over defendants The district courts denial defendants motion for summary judgment should still be affirmed because based on the facts alleged taken in light most favorable to mr. Tabar as Qualified immunity would be improper here. What's the jurisdictional base for a banal? With respect to banal No question as to whether or not There's no question that's with conduct which would place them under scenario one of the test articulated by this court in Jeffers v Gomez Excuse me under scenario two or three with respect to banal and Scenario two or three under Jeffers v. Gomez are properly before this court because those determinations hinge on an issue of law Basically under scenario two we go ahead and assume the conduct is undisputed and we assume the motive is also Undisputed and then this court is to apply the undisputed conduct and the disputed motive to the law Did the district court not find that there were material issues of fact and dispute as to There are materials issues of fact and dispute with respect to banal However, under the second the third scenario is articulated in Jeffers This court can simply take those facts because there's no disputed conduct. No factual conduct in dispute No, genuine factual conduct respect to penalties arguably that this court can then take all allegations in the light most favorable to Tabar as assuming All those allegations to be true apply all of those facts to the requisite law to determine whether or not the denial is appropriate Also one of the third prong which is appropriately before this court We can go ahead and impute that improper motive on banal because mr. Tabar is in this case has alleged that officer banal was intentionally Attempting to facilitate a riot based on his actions on on this on so, excuse me, April a 2002 So under that scenario this court's review is limited to whether or not. Mr Tabar as has alleged facts sufficient that are specific and non-conclusory to support the allegation of that improper motive and Here we argue that there are facts sufficient on this record. We have the video identify those facts for us We have the video cameras that are all facing the northerners handball court where the northern hispanics were directed to and required to stay We also have but now aware of the fact the release was not going as planned he was aware that the northerners were being released from the front of building one slower than expected and the Southerners being released from the rear of building one as was not planned because the purpose was that the inmates Mingle inside of building one to determine whether or not it'd be safe to proceed with the unlock Because the interior defendants Hakuna, baber and banal changed that plan We don't know who decided to change it or who made certain decisions Which is the conduct questions with this pose with respect to those defendants, which is why it's improper to review them Something happened in the building that changed the plan where it was more than just releasing them slowly It was releasing some inmates from the front of building one Northern Hispanics and releasing them first and then releasing all the southerners and other inmates from the rear Also, the northerners were checked for weapons by officer white We don't know who directed or ordered officer white to make that check But it did happen again a question of conduct The southerners do not appear to have been checked for weapons. Nothing in the record says they were and then subsequently right They're actually used their weapons So banal could see this happening Banal ordered captain piper to relay an order to lieutenant baber to proceed with the unlock as directed However, baber ignored this order at this point banal should have called the yard down a reasonable prison official Consciously perceiving the risk of harm associated with this unlock would have called the yard down then to prevent the right But I'll did not do so But now instead that a group of about 50 northern Hispanics Required them to stay on the handball court while he allowed the southern Hispanics together in a group of about 50 to 60 at the rear of building one at this point banal should have called on the yard California Departments of Correction policy and FSP excuse me FSP policy Folsom State Prison policy Requires the yard to be called down when more than two inmates of the same group gather together Here we have a group of 50 and we have a group of 60 Rivals that are gathering together the yard is not called down But now should have called on the yard at this point, even though he should have already called it down initially, but he didn't Next banal allowed the southerners to break into two groups of roughly 30 Proceed over 300 yards three football fields across the prison yard Directly towards their known rivals who are being required by prison officials to stay on the handball court Captain Piper actually turns to banal as the southerners began caressing across the yard and said you want to call the yard down, right? But all the response was no not yet No reasonable prison official would have taken this action lighted circumstances But now actually waited until the northerners until the southerners had progressed all the way across the prison yard and engaged the southern Hispanics They'd already engaged each other before banal ever called the yard down These facts is counsel explaining why banal is entitled to qualified immunity But banal is not entitled based on these actions these allegations. They're undisputed for the most part support Mr. Tabara's allegation that banal acted with an improper motive. These facts are sufficient. They're specific and they're non-conclusory Therefore under the third prong of Jeffers the third scenario of Jeffers, even though this court does have jurisdiction to review banal's appeal This denial of his motion for summary judgment based on qualified immunity by the district court should be affirmed by this court okay, but isn't it true counsel that a Coonan was not present during the That Whole scenario we just described that's correct Coonababer and Rendon were all inside of building one However jurisdiction for these defendants is improper before this court because their dispute there's dispute as to their conduct If you look to the first scenario articulated by this court in Jeffers It says when there is dispute as to conduct Review is improper before this court. Now the conduct we're talking about with respect to building one Is a few different things now, it's undisputed that the plan was changed the defendants admit that they've changed the plan But they only admit that they changed the plan to release the inmates more slowly There were more additional changes made that are already dispute that are questions of conduct We don't know who or why? The decision was made to release the northerners before the rest of the inmates We don't know who ordered this We don't know who ordered or why it was ordered that the northern Hispanics Exit from the front of building one and be checked for weapons while all other inmates exit from the rear which circumvented the Was circumvented the controlled unlock plan the purpose of it Which was allowing the inmates to intermingle inside of building one to see if it was going to be safe to continue at the unlock prison officials develop this plan wanted to make sure that They contain the violence because they knew there was a high likelihood for violence here There was definitely a perceived risk They wanted to make sure that if there was going to be any violence to be contained within building one That's why they wanted them to mingle in small groups By circumventing that and allowing all of them Requiring all the northerners to leave first releasing them first direct them out the front of the building and then releasing all the southerners all their inmates out of the rear the defendants Circumvented the goal of having small groups and basically delayed the problem to the yard Where the two groups would gather in large numbers and then a full-fledged riot would occur So those questions of conduct as to who and why Made certain decisions inside of building one are not properly on appeal before this court The only reason that the now is properly on appeal before this court is because of the fact that his conduct is undisputed for the Most part with respect to Rios. This court is correct. The jurisdiction is not proper. This court does have jurisdiction based on the precedent from the US Supreme Court of Mitchell vs Saying that with a district court denies the motion for summary judgment based on qualified immunity That denial can be reviewed to the extent that it turns on an issue of law Not an issue of fact, but an issue of law, which is why the Jeffers test have been articulated However, Rios's motion for summary judgment was not denied based on qualified immunity as this court pointed out Rios's motion was denied on the merits We know that because if we look to page 2 of volume 1 of the excerpts of record The district courts concludes that there are disputed issues of fact concerning the defendant Rios, which preclude the granting of summary judgment on his behalf Now while this is not clear that it's based on the merits We must take into consideration the district court is reversing the magistrate court's decision The magistrate court not not really reversing just simply not adopting it not adopting it. Yes, that's correct, Your Honor Look to the magistrate judge's decision on page 34 of volume 1 of the record The magistrate says that there is no need to consider the defense of qualified immunity with respect to the claims upon which the court has Resolved summary judgment the summary judgment motion on the merits in favor of the defendants The magistrate judge resolves the summary motion most summary judgment motion on the merits with respect to Rios Therefore the district court judge was was not adopting that determination also on the merits Therefore Rios's appeal is an interlocutory appeal, which would preclude this court from having jurisdiction With That we would like to ask that this court with respect to defendant Bunnell Affirms the district court's decision and denies defendant Bunnell's motion for summary judgment based on qualified immunity And with respect to the remaining defendants dismiss their appeals for lack of jurisdiction. Thank you Thank you In closing, you know, I would urge the court to They just discretion to Accept jurisdiction over Rios's appeal on the ground that it was based on caught on the ground. His motion was based on qualified immunity The facts with regard to Rios show he's entitled to a majority of the court's decision The yard was in chaos Into a large group of inmates that were attacking to bars He was attempting to protect to protect the bars not to injure him and on that basis His conduct could not be considered malicious and sadistic. Thank you. Thank you counsel in a case to start you to submit
judges: Kozinski, Thomas, Callahan